IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Hugo Padron-Carreron,<br><br>           Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>           Respondents. | No. CV-25-04204-PHX-DWL (MTM)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging his immigration detention. (Doc. 1.)[1] In a November 13, 2025 order, the Court ordered Respondents to show cause ("the OSC") why the petition should not be granted. (Doc. 5.) The OSC is now fully briefed. (Docs. 8-9.) For the reasons that follow, the petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.  Background**

Petitioner is a citizen of Mexico who entered the United States without inspection in 2005. (Doc. 1 ¶ 18.) On June 20, 2025, Petitioner was arrested and taken into custody by ICE. (Doc. 1-1 at 24.) Petitioner's Notice to Appear reflects he is an alien present in the United States who has not been admitted or paroled. (*Id.*) On August 15, 2025, a custody redetermination was held before an Immigration Judge, but Petitioner's request

---

[1] Petitioner also filed a motion for temporary restraining order and preliminary injunction. (Doc. 2.)

1  was denied on the ground that Petitioner "did not establish that the Immigration Court or
2  an Immigration Judge would have jurisdiction to redetermine the conditions of his custody
3  or release him on bond or parole under INA 236(a), and that he is not an 'applicant for
4  admission' under [8 U.S.C. § 1225] and/or that he is not subject to mandatory detention
5  under [8 U.S.C. § 1225]." (Doc. 1-1 at 2.)  Respondents assert that noncitizens present
6  without admission are subject to mandatory detention under 8 U.S.C. § 1225(b), rather than
7  discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1),
8  they are deemed "applicants for admission."  (Doc. 8 at 6.)

In the petition, Petitioner challenges Respondents' interpretation of 8 U.S.C. § 1225(b)(2) as violative of his due process rights.  Petitioner requests release from custody or an order directing an Immigration Judge to conduct a bond hearing.

**II.   Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Respondents state that they "acknowledge this Court's Order issued in *Echevarria v. Bondi, et al.*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), explicitly rejected its legal position that aliens who enter without admission, inspection or parole and are charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i) are applicants for admission under 8 U.S.C. § 1225(a)(1)" but still "respectfully take[] the position that Petitioner is an 'applicant for admission' who must therefore be detained pending removal proceedings."  (Doc. 8 at 1, 7.)

Respondents point to "at least five federal courts that have joined what the government acknowledges is a minority position on whether § 1225 applies to persons in Petitioner's position rather than § 1226." (Doc. 8 at 8.)  Those decisions are *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. 2025), *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. 2025), *Pipa-Aquise v. Bondi*, 2025 WL 2490657 (E.D. Va. 2025), and *Pena v. Hyde*, 2025 WL 2108913 (D. Mass. 2025).  In addition to the cases cited by Respondents, the Court is aware of a few more reaching the same conclusion.  *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. 2025); *Sandoval v. Acuna*, 2025 WL

3048926 (W.D. La. 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025). But it is unsurprising that judges across the country are not in full agreement on how this issue should be resolved—indeed, the Court previously emphasized that "it views this issue as presenting a complicated and debatable question." *Echevarria*, 2025 WL 2821282 at *5. And Respondents correctly acknowledge that their view still represents the minority position—in the weeks since the Court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). At any rate, having carefully reviewed the recent decisions adopting the minority view, the Court respectfully declines to revisit the conclusion it reached in *Echevarria*.

…

…

…

…

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 24th day of November, 2025.

Dominic W. Lanza
United States District Judge